Joseph F. HARBISON, III, dba Joseph
F. Harbison III & Associates,
Plaintiff—Appellant,

v.

AMERICAN MOTORISTS
INSURANCE COMPANY,
Defendant—Appellee.

No. 05–16479.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2007.

Filed June 29, 2007.

Ralph Lombardi, Esq., Lori A. Sebransky, Esq., Lombardi Loper & Conant LLP, Oakland, CA, for Plaintiff–Appellant.

Marnin Weinreb, Esq., Waxler Carner Weinreb LLP, El Segundo, CA, for Defendant–Appellee.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

### MEMORANDUM *

Joseph F. Harbison ("Harbison"), an attorney, appeals the district court's grant of American Motorists Insurance Company's (AMICO) motion for summary judgment and its denial of his own motion for summary judgment in this insurance coverage dispute. The district court found AMICO did not have a duty to defend Harbison in an action brought against Harbison by former co-counsel after a joint client fired co-counsel and retained Harbison exclusively. We reverse.

In this California diversity action, we apply California law. Under California law, the existence of a duty to defend under a particular insurance policy is a question of law because it involves the interpretation of a written contract. *Peters v. Firemen's Ins. Co.*, 67 Cal.App.4th 808, 811, 79 Cal.Rptr.2d 326 (1998). An insurance company "must defend a suit which *potentially* seeks damages within the coverage of the policy." *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275, 54 Cal. Rptr. 104, 419 P.2d 168 (1966). The duty to defend is therefore triggered where the complaint alleges claims covered under the

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

policy, where the complaint could be amended to allege such claims, or where the insurer is aware of extrinsic facts suggesting the existence of such liability. *Montrose Chem. Corp. v. Superior Court,* 6 Cal.4th 287, 299–300, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993). A bare "potential" or "possibility" of coverage is sufficient to trigger the duty to defend, and any doubt as to the existence of a defense duty must be resolved in the insured's favor. *Id.* at 299–300, 24 Cal.Rptr.2d 467, 861 P.2d 1153. "[T]he determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Waller v. Truck Ins. Exch., Inc.,* 11 Cal.4th 1, 19, 44 Cal. Rptr.2d 370, 900 P.2d 619 (1995).

■ Here, the insurance policy AMICO issued to Harbison covered claims "arising out of [Harbison's] acts, errors or omissions in providing professional services." The district court properly concluded that the breach of contract and fraud claims in the underlying action did not trigger AMICO's duty to defend because they did not arise out of Harbison's provision of professional services. Likewise, the district court properly concluded that a genuine issue of material fact existed as to whether Harbison possessed, prior to the effective date of the policy, a reasonable basis to believe the claims in the underlying action would be made. The district court, however, erred when it concluded that the intentional interference with a contractual relationship claim in the underlying action did not trigger AMICO's duty to defend Harbison.

■ The First Amended Complaint and Second Amended Complaint in the underlying action, both of which were delivered to AMICO along with the demand that a defense be provided, allege Harbison made false and negative statements about co-counsel Olsen, the plaintiff in the underlying action, in the course of rendering legal advice to a joint client, Klawitter, about her ongoing litigation. *See* First Amended Complaint ¶¶ 15, 16, 49[C], 62; Second Amended Complaint ¶¶ 17, 18, 19. These statements are alleged to have interfered with the contractual relationship between Olsen and Klawitter. *Id.* Accordingly, these factual allegations triggered AMICO's duty to defend Harbison because Harbison's statements about co-counsel were alleged to have been made to the client in the course of providing a professional service, *i.e.,* legal advice regarding how best to proceed with pending litigation. *See* Second Amended Complaint ¶¶ 15, 16.

The district court's reliance on *Transamerica Ins. Co. v. Sayble,* 193 Cal.App.3d 1562, 239 Cal.Rptr. 201 (1987) was misplaced. Although *Sayble* also involved a dispute between attorneys, the attorney's statements in *Sayble* were not made in the course of providing professional services. Rather, they were made as a result of the dissolution of a law partnership, presumably in an effort to retain clients. In short, in *Sayble* a business dispute led to the allegedly tortious statements made to a joint client. Conversely, Harbison's allegedly tortious statements to a joint client led to the business dispute.

**REVERSED.**